[Cite as *State v. Ramey*, 2011-Ohio-5558.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2011-CA-1 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case Nos. 09-CR-0869A |
| v. | : | 09-CR-1051B |
| | : | |
| KEITH RAMEY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 28th day of October, 2011.

. . . . . . . . . . .

ANDREW R. PICEK, Atty. Reg. #0082121, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Post Office Box 1608, Springfield, Ohio 45501
    Attorney for Plaintiff-Appellee

KEITH RAMEY, #625-604, London Correctional Institution, Post Office Box 69, London, Ohio 43140
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1}   Defendant-appellant Keith Ramey appeals from an order denying his petition for post-conviction relief, without a hearing.  Ramey contends that the trial court erred in denying his petition without a hearing, because Ramey alleged conflicts of interest on the part of his trial attorney that disqualified his trial attorney from providing Ramey with effective

representation.

{¶ 2}   We conclude that the trial court correctly found that the facts alleged by Ramey in his petition, if true, did not establish conflicts of interest on the part of his trial attorney. Consequently, the order of the trial court denying his petition for post-conviction relief is Affirmed.

II

{¶ 3}   " * * * Ramey was jointly indicted with co-defendant Jonathan Keeton in Case No. 09–CR–0869 for one count of aggravated robbery (deadly weapon), one count of aggravated robbery (serious physical harm), one count of felonious assault (deadly weapon), one count of felonious assault (serious physical harm), and one count of breaking and entering. The aggravated robbery and felonious assault charges each contained a firearm specification. Subsequently, * * * Ramey and Keeton were indicted on an additional charge in Case No. 09–CR–1051 for having a weapon while under disability.

{¶ 4}   "All of the charges against Ramey and Keeton stem from incidents * * * wherein the defendants were accused of breaking and entering into and stealing from 'Nasty N8's' tattoo parlor located at 805 East Main Street in Springfield, Ohio. The owner of the tattoo parlor reported that tattoo equipment, ink, a laptop computer, a printer, and cell phones were missing after the break-in.

{¶ 5}   "Ramey and Keeton were also accused of beating and robbing an individual named Howard Fannon. The robbery and assault of Fannon also occurred on [the same day], shortly after Ramey and Keeton were alleged to have broken into the tattoo parlor. During the assault, Ramey allegedly shocked Fannon multiple times with a taser while Keeton hit him

over the head with the butt of a handgun before they stole his watch and two gold necklaces. Fannon immediately called 911 to report the robbery, and Ramey was arrested a short time later at his home located at 106 N. Greenmount Avenue in Springfield, Ohio. Keeton was arrested the next day * * * at his father's house[,] also located in Springfield. During the course of their investigations, Springfield police were able to recover almost all of the items alleged to have been stolen by Ramey and Keeton." *State v. Ramey*, Clark App. No. 2010-CA-19, 2011-Ohio-1288, ¶ 2-4.

{¶ 6} Ramey was convicted of two counts of Aggravated Robbery, with firearm specifications, one count of Felonious Assault (deadly weapon), and one count of Having a Weapon while under a Disability. He was acquitted of Felonious Assault (serious physical harm) and of Breaking and Entering. The trial court merged the two counts of Aggravated Robbery. Ramey was sentenced to three years on the firearm specification, eight years for the Aggravated Robbery, five years for Felonious Assault, and one year for Having a Weapon while under a Disability. The court ordered the three-year term for the firearm specification to be served consecutively and prior to the other sentences, which were to be served concurrently with one another, for an aggregate prison sentence of eleven years.

{¶ 7} Ramey's conviction for Having a Weapon while under a Disability was reversed and vacated on appeal on speedy trial grounds; his other convictions, and the sentences therefor, were affirmed. *State v. Ramey*, supra.

{¶ 8} Ramey filed a petition for post-conviction review, the denial of which is the subject of this appeal. In his petition, Ramey asserted the following "Ground for Relief":

{¶ 9} "The defendant Keith Ramey was appointed counsel by the Common Pleas

Court of Clark County named David Smith.

{¶ 10} "Mr. Smith was ineffective when he never informed the defendant of three prejudicial conflicts of interest that were being created by Mr. Smith's, [comma in original] representation of the defendant Keith Ramey.

{¶ 11} "Mr. Smith's first conflict of interest was created when Mr. Smith, [comma in original] did not inform the defendant about his past job as a prosecutor for the Office of the Clark County Prosecutor's Office.

{¶ 12} "Mr. Smith's second conflict of interest was created when counsel did not address the fact about the defendant's prosecutor in the case at bar being close friends with Mr. Smith[,] the defendant's lawyer.

{¶ 13} "Mr. Smith's third conflict of interest was created when the defendant's counsel Mr. Smith did not address the issue that his co-defendant was involved in a case that the defendant's counsel prosecuted. Mr. Smith was one of the prosecutor's [sic] in the defendant's co-defendant's mother's murder's [sic] trial and the defendant's co-defendant Daniel Miller also was a witness in that case. The defendant's Prosecutor also was a prosecutor in that case. The prosecutor is Stephen C. Collins. Mr. Collins and Mr. Smith worked side by side with Daniel Miller, and Mr. Miller's family to prosecute and convict a Juan Antonio Kinley, in the above talked about case[.] Mr. Kinley got the death sentence.

{¶ 14} "The defendant Mr. Ramey, in this case was not aware of this information, Mr. Smith never informed the defendant of this."

{¶ 15} Some of the information concerning the murder prosecution of Juan Antonio Kinley can be found in *State v. Kinley* (June 24, 1993), Clark App. No. 2826. From that

opinion, it is not clear when the Kinley murder case was tried, but there is reference to an affidavit of bias and prejudice that was decided by the Chief Justice of the Ohio Supreme Court on February 28, 1992. Therefore, the trial must have taken place some time between then and the disposition of the appeal in 1993 – most likely in 1992, at least eighteen years before David Smith defended Ramey in his trial in the case presently before us.

{¶ 16} The trial court denied Ramey's petition for post-conviction relief, without a hearing. The trial court found that the record failed "to demonstrate that [Ramey] set forth sufficient operative facts to establish substantive grounds for [relief]." From the denial of his petition for post-conviction relief, Ramey appeals.

II

{¶ 17} Ramey's sole assignment of error is as follows:

{¶ 18} "THE TRIAL COURT ABUSED IT'S [sic] DISCRETION WHEN IT DID NOT GRANT THE DEFENDANT'S POST-CONVICTION PETITION WHEN EVIDENCE FAVORABLE TO THE DEFENDANT WAS PRESENTED TO THE TRIAL COURT IN SHOWING THAT THE DEFENDANT SUFFRED [sic] PREJUDICE DUE TO A CONFLICT OF INTEREST AND ABSENT THE CONFLICT OF INTEREST THE DEFENDANT'S OUTCOME WOULD HAVE BEEN DIFFERENT."

{¶ 19} The only facts alleged in Ramey's petition relevant to the alleged conflict of interest on the part of his trial counsel, David Smith, are: (1) his trial counsel once worked in the prosecutor's office; (2) his trial counsel is a close friend of the prosecutor in Ramey's trial, Stephen C. Collins (and was a co-prosecutor with Smith in the Kinley murder case); and (3) his trial counsel was a prosecutor in the Juan Kinley murder case in 1992 in which Ramey's

co-defendant, Daniel Miller, was a witness, and Miller's mother was a victim.

{¶ 20} We agree with the trial court that none of these facts constitutes a conflict of interest that would disqualify David Smith from effectively representing Ramey. To begin with, it is quite common for a lawyer to begin his career in a prosecutor's office, where he can try cases almost immediately after admission to the bar, and then, having acquired that experience, for the lawyer to move to a private practice that includes criminal defense. We presume that a lawyer would have no difficulty in making that transition.

{¶ 21} In a community with a bar the size of the Clark County bar, it is common for the lawyers in the bar to know one another and to share friendships, even close friendships, with one another. We know of no reason why a friendship between two lawyers would prevent either of them from zealously representing the interests of clients having adverse interests. An effective lawyer maintains a sufficient personal disinterestedness in his client's cause to give good, objective advice, and to be able to see his client's cause from differing points of view, which would include the point of view of an adverse party in negotiation, or the point of view of a neutral adjudicator – a judge or a jury, for example.

{¶ 22} Furthermore, in a community the size of Clark County, it would not be uncommon for a lawyer to re-encounter, in his professional career, individuals with whom he has had some professional contact in the past. We see no reason why the fact that Ramey's trial attorney, in a murder trial eighteen years in the past, had encountered Ramey's present co-defendant as a witness, with that co-defendant's mother having been a victim of the murder, would disqualify Ramey's trial counsel from effectively representing him.

{¶ 23} Ramey cites Rule 1.7 of the Ohio Rules of Professional Conduct. That Rule

provides as follows:

**{¶ 24}** "(a) A lawyer's acceptance or continuation of representation of a client creates a conflict of interest if either of the following applies:

**{¶ 25}** "(1) the representation of that client will be directly adverse to another current client;

**{¶ 26}** "(2) there is a substantial risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by the lawyer's own personal interests.

**{¶ 27}** "(b) A lawyer shall not accept or continue the representation of a client if a conflict of interest would be created pursuant to division (a) of this rule, unless all of the following apply:

**{¶ 28}** "(1) the lawyer will be able to provide competent and diligent representation to each affected client;

**{¶ 29}** "(2) each affected client gives informed consent, confirmed in writing;

**{¶ 30}** "(3) the representation is not precluded by division (c) of this rule.

**{¶ 31}** "(c) Even if each affected client consents, the lawyer shall not accept or continue the representation if either of the following applies:

**{¶ 32}** "(1) the representation is prohibited by law;

**{¶ 33}** "(2) the representation would involve the assertion of a claim by one client against another client represented by the lawyer in the same proceeding."

**{¶ 34}** The essential predicate for the application of Rule 1.7 is expressed in part (a).

Either the lawyer must have another "current client," with an adverse interest, or the lawyer must have responsibilities to a former client or to a third person that create a substantial risk that the lawyer's ability to consider, recommend, or carry out a course of action for his client will be materially limited.

{¶ 35} In the case before us, Ramey has not alleged that his trial counsel, David Smith, had a current client who had interests adverse to Ramey. Nor did he allege that Smith had current responsibilities to a former client or to a third person that would have materially limited Smith's ability to consider, recommend, or carry out a course of action in Ramey's best interest. Consequently, Ramey's petition does not allege any facts that would invoke the application of Rule 1.7 of the Ohio Rules of Professional Conduct.

{¶ 36} We agree with the trial court that the facts alleged in Ramey's petition for post-conviction relief, assuming them to be true, do not constitute grounds for relief. Ramey's sole assignment of error is overruled.

III

{¶ 37} Ramey's sole assignment of error having been overruled, the order of the trial court denying his petition for post-conviction relief is Affirmed.

. . . . . . . . . . . .

GRADY, P.J., and KLINE, J., concur.

(Hon. Roger L. Kline, Fourth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Andrew R. Picek
Keith Ramey

Hon. Richard P. Carey